Preston P. Frischknecht (USB #11286)
*preston@projectcip.com*
PROJECT CIP
408 Sheridan Ridge Lane
Logan, UT 84321
Telephone: (435) 512-4893

Attorneys for Plaintiff
Mike Williams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MIKE WILLIAMS, an individual Utah resident,<br><br>    Plaintiff,<br>v.<br><br>DJO Global, Inc., a Delaware corporation, and DJO, LLC, a Delaware limited liability company,<br><br>    Defendants. | **COMPLAINT**<br><br>Civil Action No.:<br><br>District Judge:<br><br>    JURY DEMAND |

Plaintiff Mike Williams ("Mr. Williams") complains against defendant DJO, LLC ("DonJoy") for the causes of action alleged as follows:

### THE PARTIES

1. Mr. Williams is an individual Utah resident with an address of 536 W 1490 N #101, Logan, UT 84381.

2. Mr. Williams alleges that DJO Global, Inc. is a Delaware corporation, and that DJO, LLC is a Delaware limited liability company and DJO Global subsidiary (collectively "DonJoy"), both with a principal place of business at 1430 Decision Street, Vista, CA 92083.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

4. This Court has original jurisdiction over the subject matter of this action under at least 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over DonJoy because DonJoy has purposely availed itself of the privileges and benefits of the laws of the State of Utah and has committed acts of patent infringement within this judicial district.

6. DonJoy does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement in this judicial District and elsewhere in Utah; (ii) regularly doing business or soliciting business by virtue of DonJoy's nationwide, interactive and commercial website(s) *www.djoglobal.com* and/or *www.donjoyperformance.com,* and numerous regional and national distributors and retailers which direct DonJoy's services products to Utah residents; and (iii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

7. This Court's exercise of personal jurisdiction over DonJoy is consistent with the Constitutions of the United States and the State of Utah.

8. Venue is proper in this judicial district under at least 28 U.S.C. §§ 1391 & 1400.

## FACTUAL BACKGROUND

9. Mr. Williams is the inventor and owner of unique supports including patellar knee braces known by various names including the "Cross Strap Patellar Tendon Strap" and "Cross Strap."

10. Mr. Williams' technological innovations are protected by a portfolio of design patents, including United States Design Patent Nos. D503,806 and D751,720 (the "Asserted Patents").

11. DonJoy is in the business of globally manufacturing, marketing, and selling athletic accessories, including knee braces. DonJoy uses, sells, and offers for sale knee braces that embody the claimed designs of the Asserted Patents (the "Accused Products").

12. The designs of the Accused Products are substantially the same as the designs that are the subject matter of the Asserted Patents.

13. Furthermore, the designs of the Accused Products are so similar to the designs that are the subject matter of the Asserted Patents that customers are likely to be deceived and persuaded to buy the Accused Products thinking they are actually buying products protected by the Asserted Patent.

14. DonJoy has had pre-suit knowledge of at least one of the the Asserted Patents, since as early as March 13, 2003.

15. In particular, DonJoy formally licensed Mr. Williams' rights in the D503,806 patent from March 13, 2004 to April 11, 2015.

16. In 2015, instead of continuing a contractual licensing relationship with Mr. Williams, DonJoy informed him that it was discontinuing the Accused Products.

17. In fact, DonJoy did not discontinue the Accused Products, but continued to widely manufacture, offer for sale, and sell them without permission in an infringing manner under product names including "DonJoy Cross Strap" and "DonJoy Patella X Strap."

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. D503,806)

18. Mr. Williams realleges and incorporates the foregoing paragraphs as though fully set forth herein.

19. DonJoy has infringed, and continues to infringe the '806 Patent by offering to sell, selling, or importing the Accused Products in this District, and elsewhere in the United States, the design of which is substantially the same as the ornamental design of the '806 Patent.

20. DonJoy's actions constitute infringement of the '806 Patent in violation of 35 U.S.C. § 271. Mr. Williams has sustained damages and will continue to sustain damages as a result of DonJoy's aforementioned acts of infringement.

21. Mr. Williams is entitled to recover damages sustained as a result of DonJoy's wrongful acts in an amount to be proven at trial.

22. DonJoy's infringement of Mr. Williams' rights under the '806 Patent will continue to damage Mr. William's business, causing irreparable harm, for which there is no adequate remedy at law, unless DonJoy is enjoined by this Court.

23. DonJoy has willfully infringed the '806 Patent, entitling Mr. Williams to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

24. Alternatively, Mr. Williams is entitled to recover DonJoy's total profits from its sale of the Accused Products under 35 U.S.C. § 289.

## SECOND CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. D751,720)**

25. Mr. Williams realleges and incorporates the foregoing paragraphs as though fully set forth herein.

26. DonJoy has infringed, and continues to infringe the '720 Patent by offering to sell, selling, or importing the Accused Products in this District, and elsewhere in the United States, the design of which is substantially the same as the ornamental design of the '720 Patent.

27. DonJoy's actions constitute infringement of the '720 Patent in violation of 35 U.S.C. § 271. Mr. Williams has sustained damages and will continue to sustain damages as a result of DonJoy's aforementioned acts of infringement.

28. Mr. Williams is entitled to recover damages sustained as a result of DonJoy's wrongful acts in an amount to be proven at trial.

29. DonJoy's infringement of Mr. Williams' rights under the '720 Patent will continue to damage Mr. William's business, causing irreparable harm, for which there is no adequate remedy at law, unless DonJoy is enjoined by this Court.

30. DonJoy has willfully infringed the '720 Patent, entitling Mr. Williams to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

31. Alternatively, Mr. Williams is entitled to recover DonJoy's total profits from its sale of the Accused Products under 35 U.S.C. § 289.

## PRAYER FOR RELIEF

Mr. Williams prays for judgment as follows:

 A. A judgment finding DonJoy liable for infringement of the claims of the Asserted Patents;

 B. An order requiring DonJoy to make an accounting for all Accused Products it made, used, sold, offered for sale, or imported in the United States;

 C. Orders of this Court temporarily, preliminarily, and permanently enjoining DonJoy, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner any of the claims of the Asserted Patents, pursuant to at least 35 U.S.C. § 283;

 D. An award of damages adequate to compensate Mr. Williams for DonJoy's infringement of the Asserted Patents, in an amount to be proven at trial, or in the alternative, an award of DonJoy's total profits under 35 U.S.C. § 289;

 E. An award of treble Mr. Williams' damages, pursuant to at least 35 U.S.C. § 284;

 F. A declaration that this is an exceptional case and that Mr. Williams be awarded its attorney fees and expenses, pursuant to at least 35 U.S.C. § 285;

 G. An award of Mr. Williams' costs in bringing this action, pursuant to all applicable state statutory and common law, including at least 35 U.S.C. § 284;

 H. An award of Mr. Williams' attorney fees, pursuant to all applicable state statutory and common law.

 I. Prejudgment interest, pursuant to at least 35 U.S.C. § 284;

 J. Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

      K.      For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Mr. Williams demands trial by jury on all claims and issues so triable.

DATED: October 16, 2017

                              */s/ Preston P. Frischknecht*
                              Preston P. Frischknecht
                              Attorneys for Plaintiff
                              Mike Williams